OPINION OF THE COURT
Lewis L. Douglass, J.
The issue to be determined is which of the following claims takes priority: (i) a building loan lender’s claim where a building loan contract was filed but where no mortgage agreement was executed or recorded or (ii) a supplier’s mechanic’s lien filed after the date that the building loan contract was filed.
This question is presented in this foreclosure action where plaintiff, Blue Spot, Inc., is moving for summary judgment against defendant, Perfectaire Corp., on the grounds that its lien against the property to be foreclosed is superior to Perfectaire’s mechanic’s lien.
Plaintiff’s foundation of claim of priority is that the building loan agreement which declared an intent to execute a mortgage constitutes an “equitable mortgage” and therefore since that agreement was filed prior to Perfectaire’s mechanic’s lien, plaintiff’s claim against the property is superior to that of Perfectaire. The foundation of Perfectaire’s claim of priority is that Blue Spot failed to record a building loan mortgage in accordance with the requirements of the Lien Law.
*151 Under subdivision (2) of section 13 of the Lien Law, a building loan mortgage, whenever recorded before the filing of a notice of lien, shall have priority over the lien provided that the building loan contract is filed as required by section 22 of the Lien Law.
Under section 22 of the Lien Law, a building loan contract must be filed on or before the date of recording the building loan mortgage made pursuant to the building loan contract. This section further states that if the building loan contract is not filed in accordance with the section’s provisions then “the interest of each party to such contract in the real property affected thereby, is subject to the lien and claim of a person who shall thereafter file a notice of lien”.
Plaintiff contends that in the absence of a mortgage being executed, a building loan agreement calling for the execution of a mortgage constitutes an “equitable mortgage” from the date of the agreement. Thus, the plaintiff argues, since the building loan agreement was recorded 20 days prior to Perfectaire’s mechanic’s lien being filed, “the building loan agreement (equitable mortgage) is superior to the lien of Perfectaire”. Plaintiff’s argument is based on the 1878 decision of Payne v Wilson (74 NY 348). In that case the court held that an equitable mortgage may be constituted by any writing from which the intention to mortgage may be gathered. That court also held that the claim of a mechanic’s lien must be subject to a prior equitable lien even though the mechanic lienor had no notice of that prior encumbrance.
Upon reading the sections on the priority of liens in the Lien Law, this court recognizes that notice was the Legislature’s primary purpose for stipulating the various recording and filing requirements of building loan mortgages, contracts and liens. By making these stipulations, the Legislature intended that there be a definite way by which existing encumbrances against real property are made known to any subsequent prospective lienor.. Thus since Payne v Wilson (supra), in effect held that notice was not a necessary factor in determining priority of liens, this court must find that the New York Legislature, by enacting the *152 sections governing the priority of liens, intended to overrule this 1878 decision.
Kyser v MacAdam (117 F2d 232) states that the sections of the New York Lien Law, governing priority between mechanic’s liens and building loan mortgages, show a definite statutory scheme to protect the liens of those mortgages which comply with the requirements, and to render invalid as against duly filed liens, those which do not comply. The court in that case found that the Legislature chose a definite method for carrying out its objective without stating any exceptions; that the Legislature concluded that claims against real property should be definite of record so that purchasers and other encumbrancers might know the exact status of the realty and that the mortgagees themselves in turn might know how far they were protected from the claims of liens.
McDermott v Lawyers Mtge. Co. (232 NY 336) held that the object of the Lien Law requirements is to acquaint prospective contractors with the fact that they furnish labor and materials subject to claims prior to theirs, against the property, so far as advances thereunder are prior to their liens when filed.
In the present case since the building loan mortgage was not executed and therefore not recorded, defendant Perfectaire did not have the statutory notice of the existence of a mortgage that could impair the validity of his lien. If the mortgage was recorded notice would have been given to Perfectaire that the security for the loan in the building loan agreement was a lien on the premises. Perfectaire might have required payment in advance or even other security. Having failed to execute and record a building loan mortgage, the plaintiff must suffer the consequences. The plaintiff cannot avoid liability by arguing that the building loan agreement was filed since the mere existence of an equitable mortgage is not sufficient nor a substitute for a requirement that both the agreement and the mortgage be filed and recorded. The lien statute absolutely and unconditionally prescribes the penalty which shall follow the failure to file in accordance with its provisions. Plaintiff’s mortgage must be subordinated in point of time exactly as if in fact the lien came first and the mortgage *153 came second. (McDermott v Lawyers Mtge. Co., supra.) Thus, plaintiff’s motion for summary judgment against defendant Perfectaire is denied.
In addition to the motion for summary judgment, plaintiff, Blue Spot, has moved for a default judgment against the defendants, Israel and Chani Rakower and Certified Lumber Corp., on the basis that they have failed to appear or answer the complaint and that the time to do so has expired and has not been extended. Plaintiff is also seeking a default judgment against the defendants, City of New York and State of New York, on the grounds that although these defendants have served a notice of appearance, they have failed to answer the complaint and their time to do so has also expired and has not been extended.
Since there is no opposition to plaintiff’s motion for default judgment, that motion is granted.
Plaintiff’s motion for costs and disbursements is also granted. Such costs and disbursements shall be deducted from the proceeds of the sale of the real property against which foreclosure proceedings has been granted.
Plaintiff’s application for the appointment of a special referee to handle foreclosure proceedings is granted.